**IN THE SUPERIOR COURT
OF GUAM**

| | | |
|---|---|---|
| TINA M.D. SAFABAKHSH, | ) | DOMESTIC CASE No. DM 0483-13 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **DECISION AND ORDER** |
| | ) | |
| SAIED SAFABAKHSH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Plaintiff's Motion for Appointment of Guardian *Ad Litem*, was taken under advisement by the Honorable Judge Michael J. Bordallo on May 19, 2014. The Plaintiff is represented by attorney Mark S. Smith. Defendant is represented by attorney Joyce C.H. Tang. After reviewing and considering the memoranda and papers of the parties and the file herein the Court hereby denies Plaintiff's motion.

### BACKGROUND

This matter arises out of an August 28, 2013, Complaint for Divorce, Spousal Support, Child Support, and Restraining Orders.

On April 4, 2014, Plaintiff filed a Motion for Appointment of Guardian *Ad Litem*. Plaintiff argues that the appointment would be in the best interest of the Parties' three minor children by providing a neutral source of information and legal representation for the minors' unrepresented unique interests. Plaintiff asserts that attorney William Pesch and Patrick Wolff

are qualified and available to so act if called upon. She similarly asserts that Defendant is best situated to pay the necessary fees.

Defendant filed his opposition of Plaintiff's request on May 2, 2014. In his paper Defendant challenges the adequacy of Plaintiff's request and the necessity of the appointment, arguing a guardian's efforts would be duplicative of Guam Child Protective Services and contrary to its recommendation. He argues that Plaintiff has asserted no specific facts to support a finding of need or best interest under Guam law or to overcome the presumption that the custodial parent is acting in the children's best interest. Defendant further argues that if appointed the cost should be equally born.

Plaintiff did not file a reply.

## DISCUSSION

Rule 7(b)(1) of the Guam Rules of Civil Procedure provides,

(1) An application to the court of an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set for the relief or order sought.

Guam R. Civ. P. 7(b)(1). In 2003 the Guam Supreme Court explained, "[a] party's failure to assert the grounds for its request may warrant denial." *In re Estate of Concepcion*, 2003 Guam 12 (Sup. Ct. Guam 2003). Plaintiff has requested the appointment of a guardian *ad litem*. However, her request fails to identify any rule setting forth the standard by which such an appointment may be made or any specific fact, which might justify the request or support a finding of best interest or need. Absent this the Court is unable to properly begin an analysis of her request or grant the relief sought.

As it is accurately set forth in the Defendant's opposition, in Guam the standard for the appointment of a guardian *ad litem* has, by statute, been recognized in cases of abuse or neglect

and are to be supported by a showing of need. 19 GCA § 13308 (2013).  Common to custody cases is the presumption that custodial parents act in the best interest of and provide for the needs of, their minor children.  After a review of the facts asserted in this case the Court is unable to find any facts which would rebut this presumption or would support the appointment of a, guardian *ad litem.*

**CONCLUSION**

Based on the foregoing, the Plaintiff's motion is DENIED.  Further Proceedings are set for ___July 7___ 2014 at _9. WA_.m.

SO ORDERED, this ___19___ day of ___June___ 2014.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:
Mark Smith
Joyce Tang, DML
Date: 6/19/14 Time: 315
Deputy Clerk, Superior Court of Guam